**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**MICHAEL SCOFIELD,** individually and on behalf of all others similarly situated,

*Plaintiff*,

*v.*

**POWER HOME REMODELING GROUP, LLC,**

*Defendant.*

Case No. 2:26-cv-7016

**CLASS ACTION**

**JURY TRIAL DEMANDED**

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Michael Scofield brings this Class Action Complaint and Demand for Jury Trial against Defendant Power Home Remodeling Group, LLC ("Defendant"), and alleges as follows:

1. Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive

telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*...This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3. Plaintiff brings this action to enforce the consumer-privacy provisions of the TCPA alleging that Defendant violated the TCPA by making telemarketing calls to Plaintiff and other putative class members listed on the National Do Not Call Registry without their written consent.

**PARTIES**

4. Plaintiff Scofield is an individual residing in Colorado.

5. Defendant is a limited liability company headquartered in Chester, Delaware County, Pennsylvania, which is located within this District.

**JURISDICTION AND VENUE**

6. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

7. This Court has general personal jurisdiction over Defendant because the company

has its headquarters and principal place of business in this District.

8. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because the Defendant resides in this district.

## BACKGROUND

### A. The TCPA Prohibits Calls to Numbers on the National Do Not Call Registry.

9. The TCPA prohibits making multiple telemarketing calls to a residential telephone number that has previously been registered on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

10. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

11. A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

12. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers on the Registry and provide a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## FACTUAL ALLEGATIONS

13. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

14. At no point did Plaintiff consent to receiving telemarketing calls from Defendant prior to receiving the calls at issue.

15. Plaintiff Scofield's telephone number, (970) XXX-XXXX, is a non-commercial cellular telephone number.

16. Plaintiff Scofield uses the telephone number for personal, residential, and household purposes.

17. Plaintiff Scofield's number has been listed on the National Do Not Call Registry since 2004.

18. Plaintiff Scofield has never been a customer of Defendant's.

19. Despite this, Plaintiff Scofield began receiving unsolicited telemarketing communications related to home improvement solicitation.

20. On June 20, 2026, Plaintiff Scofield received two unsolicited telemarketing text message calls promoting Defendant's services.

21. A screenshot of the text message calls is provided below:



22. On June 22, 2026, Plaintiff Scofield received an unsolicited telephone voice call from telephone number (303) 226-8145, which Plaintiff did not answer.

23. On June 22, 2026, Plaintiff Scofield received a second telephone voice call from the same number, which Plaintiff answered.

24. During this call, the caller identified himself as calling on behalf of Power Home Remodeling and represented that Defendant had received an online request for a window estimate.

25. Plaintiff Scofield expressly informed the caller that Plaintiff had never submitted any online request or inquiry seeking an estimate from Defendant.

26. Despite Plaintiff Scofield's statement, the caller transferred Plaintiff Scofield to another representative who scheduled an in-home sales appointment on Defendant's behalf.

27. Later that same day, on June 22, 2026, an individual identifying himself as "Jon" arrived at Plaintiff's residence for the scheduled sales appointment.

28. The individual identified himself as a representative of Power Home Remodeling, wore apparel bearing Defendant's logo, presented a company-issued identification card, and provided Plaintiff Scofield with his business card.

29. During the meeting, Plaintiff Scofield informed Defendant's representative that Plaintiff had not requested an estimate and explained that the appointment had been scheduled to identify the entity responsible for the unsolicited telemarketing communications directed to Plaintiff Scofield's Telephone Number.

30. The calls were unwanted, nonconsensual, and made without Plaintiff's prior express consent.

31. Plaintiff's privacy has been repeatedly violated by Defendant's telemarketing calls.

32. Plaintiff never provided his telephone number to Defendant nor requested the calls.

33. Plaintiff and the Class have been harmed by Defendant's unlawful conduct, including invasion of privacy, nuisance, annoyance, and harassment. The calls also occupied Plaintiff's telephone lines, storage capacity, and bandwidth, rendering them unavailable for legitimate communications, including while driving, working, and performing other critical tasks.

## **CLASS ACTION ALLEGATIONS**

34. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

35. Plaintiff brings this action on behalf of himself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23.

> **National DNC Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendant encouraging the purchase of Defendant's goods or services, and (3) at least one of which was placed while the telephone number was on the National Do Not Call Registry for at least 31 days (4) within a 12-month period (5) at any time in the period that begins four years before the date of filing this Complaint to trial.

36. **Numerosity**: The exact number of Class members is unknown but based on the *en masse* nature of telemarketing is believed to be at least hundreds of persons at this time for

each Class, and individual joinder in this case is impracticable. Class members can be easily identified through Defendant's records, or those of their agents.

37. **Typicality**: Plaintiff's claims are typical of the claims of other Class members in that Plaintiff, and Class members, sustained damages arising out of Defendant's telemarketing calls and Class members sustained similar injuries and damages as a result of Defendant's uniform illegal conduct.

38. **Adequacy**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions to vigorously prosecute this action on behalf of the Class. Plaintiff has no interests that conflict with, or are antagonistic to those of, the Class, and Defendant has no defenses unique to Plaintiff.

39. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to, the following:

a. Whether Defendant obtained "prior express invitation or permission" under the TCPA, before the calls at issue;

b. Whether Defendant called numbers on the National Do Not Call Registry;

c. Whether Defendant should be held liable for violations committed on its behalf; and

d. Damages, including whether any violations were performed willfully or knowingly, such that Plaintiff and the other Class members are entitled to treble damages under 47 U.S.C. § 227(c)(5).

40. **Superiority**: Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. There are hundreds of Class members, such that joinder of all members is impracticable.

41. In addition to satisfying the prerequisites of FED. R. CIV. P. 23(a), Plaintiff satisfies the requirements for maintaining a class action under FED. R. CIV. P. 23(b) because:

a. The prosecution of separate actions by the individual Class members would create a risk of inconsistent or varying adjudication which would establish incompatible standards of conduct for Defendant;

b. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests;

c. Defendant has acted or refused to act on grounds that apply generally to the proposed Class, thereby making final injunctive relief or declaratory relief herein appropriate with respect to the proposed Class as a whole; and

d. Questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

**COUNT I**
**Violations of the TCPA, 47 U.S.C. § 227**
**(On Behalf of Plaintiff Scofield and the National DNC Class)**

42. Plaintiff Scofield realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

43. It is a violation of the TCPA to initiate any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do Not Call Registry. 47 C.F.R. 64.1200(c)(2).

44. Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated the TCPA by causing multiple telephone solicitation calls to be initiated to Plaintiff Scofield and members of the National DNC Class in a 12-month period, despite the person's registration of his or her telephone numbers on the National Do Not Call Registry.

45. These violations were willful or knowing.

46. As a result of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA's national do-not-call rule, Plaintiff Scofield and members of the National DNC Class are each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

47. Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the Class, respectfully requests that the Court enter judgment against Defendant for:

A. Certification of the National DNC Class as alleged herein;

B. Appointment of Plaintiff as representative of the Class;

C. Appointment of the undersigned as counsel for the Class;

D. Damages to Plaintiff and members of the Class pursuant to 47 U.S.C. § 227(c)(5) and (b)(3);

E. Injunctive relief for Plaintiff and members of the Class, pursuant to 47 U.S.C. § 227(c)(5) and (b)(3), preventing the Defendant from making calls to numbers listed on the National Do Not Call Registry, except for emergency purposes, in the future;

F. Attorneys' fees and costs, as permitted by law; and

G. Such other or further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

RESPECTFULLY SUBMITTED AND DATED this 14th day of September, 2026.

Plaintiff,
By Counsel

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
Perrong Law LLC
1669 Edgewood Road, Suite 218
Yardley, PA 19067
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com
*Attorney for Plaintiff and Proposed Class*