AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania

MICHAEL SCOFIELD

*Plaintiff*

v.

POWER HOME REMODELING GROUP, LLC

*Defendant*

Civil Action No. 2:26-cv-07016-KBH

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Comcast Cable Communications

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Information sufficient to ascertain the subscriber(s) of record, including the subscriber's name, address, and contact information, assigned the IP address 71.56.196.205, between June 19, 2026 at 00:00 UTC and June 21, 2026 at 23:59 UTC.

| Place: DIRECTLY TO THE UNDERSIGNED COUNSEL OR ELECTRONICALLY | Date and Time: 11/17/2026 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/03/2026

*CLERK OF COURT*

_______________________
*Signature of Clerk or Deputy Clerk*

OR

/S/ ANDREW ROMAN PERRONG
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Michael Scofield is Perrong Law LLC, Andrew Roman Perrong, 2657 Mount Carmel Ave. , who issues or requests this subpoena, are:
Glenside, PA 19038, a@perronglaw.com, 215-225-5529

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 2:26-cv-07016-KBH

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________
on *(date)* ______________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ______________________
______________________________________________
______________________________________ on *(date)* ______________ ; or

❒ I returned the subpoena unexecuted because: ______________________________
______________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ ______________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________________
*Server's signature*

______________________________________
*Printed name and title*

______________________________________
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

COMCAST

Law Enforcement & Subscriber Record Center
1800 Bishops Gate Boulevard
Mount Laurel, NJ 08054
866-947-8572 Tel

**CONFIDENTIAL**
All documents produced herein are for litigation purposes only

November 11, 2026

Andrew Roman Perrong
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania (PA) 19038

RE: MICHAEL SCOFIELD v. POWER HOME REMODELING GROUP, LLC
United States District Court For The Eastern District of Pennsylvania
Case No.: 2:26-CV-07016-KBH
Comcast Case #: LCV45010

Dear Andrew Roman Perrong:

The Subpoena received on 11-09-2026 requests Comcast to produce certain subscriber records pertaining to the following IP address: **71.56.196.205 in use from 06-19-2026 00:00 UTC to 06-21-2026 23:59 UTC.**

The information requested under the Subpoena is governed by Section 631 of the Cable Communications Policy Act of 1984, 47 U.S.C. § 551. Under that statute, a cable operator is prohibited from disclosing personally identifiable information pertaining to a subscriber without the subscriber's express consent, except in limited circumstances as set forth in the statute. Under Section 551, a cable operator may not disclose such material pursuant to a Subpoena except to a government entity in accordance with the provisions of subsection (c)(2)(D), which does not appear to apply to the current matter. In order for Comcast to disclose personally identifiable information to a private individual or entity, such as the one identified in your request, subsection (c)(2)(B) requires "a Court Order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed." Accordingly, Comcast will not be able to release the requested information in the absence of a court order that complies with Section 551. For your information, a copy of Section 551 is enclosed.

Further, any such court order should allow Comcast to have seven (7) calendar days after service of the order to notify subscribers that their identity is sought by Plaintiffs and each subscriber whose identity is sought shall have twenty one (21) calendar days from the date of such Comcast notice to file any papers contesting the order.

As an alternative to providing Comcast with a Court Order under subsection (c)(2)(B) you may also provide us with a written, notarized consent from our subscriber to the disclosure of the information sought in the Subpoena. In some instances, we may also require additional documentation from our subscriber. Upon our receipt of such a written, notarized consent, Comcast will verify the subscriber's consent by speaking with our customer on the phone number listed in Comcast's billing systems. After proper verification, Comcast would be able to reply with the responsive information. Otherwise, this letter is Comcast's objection to the Subpoena as issued absent an authorizing Court Order.

In connection with processing the Subpoena, the Comcast Law Enforcement & Subscriber Record Center has checked Comcast's records and determined that Comcast has limited information responsive to the Subpoena. Therefore, Comcast would be unable to provide responsive information to a court order seeking all of the information requested in the Subpoena.

**CONFIDENTIAL**
All documents produced herein are for litigation purposes only

Should you obtain a Court Order or the subscriber's consent, please contact us at (866) 947-8572 so we can provide you with instructions for submitting an advance copy to the Comcast Law Enforcement and Subscriber Record Center. The Court Order or subscriber's consent must also be served through Comcast's registered agent, Corporation Service Company (CSC Global), in the applicable state. For more information on Corporation Service Company (CSC Global), please visit https://www.cscglobal.com/cscglobal/home/ or call them at 888-690-2882.

If you have any questions regarding this matter, please feel free to call the Comcast Law Enforcement & Subscriber Record Center at 866-947-8572.

Respectfully,
Comcast Law Enforcement & Subscriber Record Center



Confidential (C)

**CONFIDENTIAL**
All documents produced herein are for litigation purposes only

**47 USC § 551 (2002)**

**§ 551. Protection of subscriber privacy**

(a) Notice to subscriber regarding personally identifiable information; definitions.

(1) At the time of entering into an agreement to provide any cable service or other service to a subscriber and at least once a year thereafter, a cable operator shall provide notice in the form of a separate, written statement to such subscriber which clearly and conspicuously informs the subscriber of--
(A) the nature of personally identifiable information collected or to be collected with respect to the subscriber and the nature of the use of such information;
(B) the nature, frequency, and purpose of any disclosure which may be made of such information, including an identification of the types of persons to whom the disclosure may be made;
(C) the period during which such information will be maintained by the cable operator;
(D) the times and place at which the subscriber may have access to such information in accordance with subsection (d); and
(E) the limitations provided by this section with respect to the collection and disclosure of information by a cable operator and the right of the subscriber under subsections (f) and (h) to enforce such limitations.
In the case of subscribers who have entered into such an agreement before the effective date of this section, such notice shall be provided within 180 days of such date and at least once a year thereafter.

(2) For purposes of this section, other than subsection (h)--
(A) the term "personally identifiable information" does not include any record of aggregate data which does not identify particular persons;
(B) the term "other service" includes any wire or radio communications service provided using any of the facilities of a cable operator that are used in the provision of cable service; and
(C) the term "cable operator" includes, in addition to persons within the definition of cable operator in section 602 [47 USC § 522], any person who (i) is owned or controlled by, or under common ownership or control with, a cable operator, and (ii) provides any wire or radio communications service.

(b) Collection of personally identifiable information using cable system.

(1) Except as provided in paragraph (2), a cable operator shall not use the cable system to collect personally identifiable information concerning any subscriber without the prior written or electronic consent of the subscriber concerned.

(2) A cable operator may use the cable system to collect such information in order to--
(A) obtain information necessary to render a cable service or other service provided by the cable operator to the subscriber; or
(B) detect unauthorized reception of cable communications.

## (c) Disclosure of personally identifiable information.

(1) Except as provided in paragraph (2), a cable operator shall not disclose personally identifiable information concerning any subscriber without the prior written or electronic consent of the subscriber concerned and shall take such actions as are necessary to prevent unauthorized access to such information by a person other than the subscriber or cable operator.
**(2) A cable operator may disclose such information if the disclosure is—**
(A) necessary to render, or conduct a legitimate business activity related to, a cable service or other service provided by the cable operator to the subscriber;

**CONFIDENTIAL**
All documents produced herein are for litigation purposes only

**(B) subject to subsection (h), made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed;**
(C) a disclosure of the names and addresses of subscribers to any cable service or other service, if--
(i) the cable operator has provided the subscriber the opportunity to prohibit or limit such disclosure, and
(ii) the disclosure does not reveal, directly or indirectly, the--
(I) extent of any viewing or other use by the subscriber of a cable service or other service provided by the cable operator, or
(II) the nature of any transaction made by the subscriber over the cable system of the cable operator; or
(D) to a government entity as authorized under chapters 119, 121, or 206 of title 18, United States Code [18 USC § § 2510 et seq., 2701 et seq., or 3121 et seq.], except that such disclosure shall not include records revealing cable subscriber selection of video programming from a cable operator.

(d) Subscriber access to information. A cable subscriber shall be provided access to all personally identifiable information regarding that subscriber which is collected and maintained by a cable operator. Such information shall be made available to the subscriber at reasonable times and at a convenient place designated by such cable operator. A cable subscriber shall be provided reasonable opportunity to correct any error in such information.

(e) Destruction of information. A cable operator shall destroy personally identifiable information if the information is no longer necessary for the purpose for which it was collected and there are no pending requests or orders for access to such information under subsection (d) or pursuant to a court order.

(f) Civil action in United States district court; damages; attorney's fees and costs; nonexclusive nature of remedy.

(1) Any person aggrieved by any act of a cable operator in violation of this section may bring a civil action in a United States district court.

(2) The court may award--
(A) actual damages but not less than liquidated damages computed at the rate of $ 100 a day for each day of violation or $ 1,000, whichever is higher;
(B) punitive damages; and
(C) reasonable attorneys' fees and other litigation costs reasonably incurred.

(3) The remedy provided by this section shall be in addition to any other lawful remedy available to a cable subscriber.

(g) Regulation by States or franchising authorities. Nothing in this title [47 USC § § 521 et seq.] shall be construed to prohibit any State or any franchising authority from enacting or enforcing laws consistent with this section for the protection of subscriber privacy.

(h) Disclosure of information to governmental entity pursuant to court order. Except as provided in subsection (c)(2)(D), a governmental entity may obtain personally identifiable information concerning a cable subscriber pursuant to a court order only if, in the court proceeding relevant to such court order--

(1) such entity offers clear and convincing evidence that the subject of the information is reasonably suspected of engaging in criminal activity and that the information sought would be material evidence in the case; and

(2) the subject of the information is afforded the opportunity to appear and contest such entity's claim.

**CONFIDENTIAL**
All documents produced herein are for litigation purposes only

IN THE UNITED STATES DISTRICT COURT
FOR THE [DISTRICT]

| | | |
|---|---|---|
| [name]. | ) | Civil Action No. [number] |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| [NAME], | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY**

Upon the Plaintiffs' Motion for Leave to Take Immediate Discovery and the supporting Memorandum of Law, it is hereby:

ORDERED that Plaintiffs may serve immediate discovery on Comcast Cable Communications, LLC ("Comcast") to obtain the identity of [each John Doe Defendant] by serving a subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure requesting subscriber information; provided, however, that said discovery shall be conditioned on: (a) Comcast having seven (7) calendar days after service of the subpoena to notify subscribers that their identity is sought by Plaintiffs; (b) each subscriber whose identity is sought having twenty one (21) calendar days from the date of such Comcast notice to file any papers contesting the subpoena; and (c) payment to Comcast by Plaintiffs of all reasonable costs of: (i) compiling the requested information; (ii) providing pre-disclosure notifications to subscribers; and (iii) all other reasonable costs and fees incurred responding to discovery. Comcast may provide notice using any reasonable means, including but not limited to written notice sent to the subscriber.



Confidential (C)

**CONFIDENTIAL**
All documents produced herein are for litigation purposes only

IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in response to the subpoena issued under Rule 45 of the Federal Rules of Civil Procedure may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under [nature of claims] as enumerated in the Complaint.

IT IS FURTHER ORDERED THAT any subpoena issued pursuant to this order shall be deemed an appropriate court order under 47 U.S.C. § 551.

IT IS FURTHER ORDERED THAT good faith attempts by Comcast to notify the subscriber(s) shall constitute compliance with this order.

Dated:

The Honorable [Name]

United States District Judge



Confidential (C)

**CONFIDENTIAL**
All documents produced herein are for litigation purposes only

COMCAST

Law Enforcement & Subscriber Record Center
1800 Bishops Gate Boulevard
Mount Laurel, NJ 08054
866-947-8572 Tel

## CONSENT TO RELEASE SUBSCRIBER INFORMATION

**RE:** **Case:**
**Case/Docket #:**
**Comcast Case #:** LCV45010

I, ______________________________, the account holder, do hereby authorize Comcast to release the following subscriber information pertaining to my account:

Target Account Information (for example: telephone number or account number): ___________________________________________

Description of Records Requested: ___________________________________________________________________

___________________________________________________________________________________________

Time Period for Records Requested: __________________________________________________________________

I understand that I have had the opportunity to object to the production of any of my records, or to designate and limit the scope of records which are being released and have chosen to authorize the disclosure of the subscriber information listed above. Pursuant to the consent, I hereby request that the records be provided to:

Name:

Address:

In connection with this authority to release information, I do hereby agree to hold harmless Comcast and/or its affiliates and/or employees for the disclosure of such information.

Signature of Account Holder: ________________________________

Date: _______________

Contact Number for Account Holder:_________________________

Sworn to and subscribed before me on the ______ day of ___________, 202_

__________________________
Notary Public

__________________________
Notary Public's printed name

__________________________
My commission expires: